In re Thomas J. CULP and Linda M. Culp, Debtors.

Thomas J. CULP and Linda M. Culp, Plaintiffs,

v.

COMMERCIAL CREDIT PLAN CONSUMER DISCOUNT COMPANY, Defendant.

Bankruptcy No. 1–81–00710.

Adv. No. 1–81–0388.

United States Bankruptcy Court, M. D. Pennsylvania.

March 24, 1982.

James P. Johnson, State College, Pa., for plaintiffs.

Lee G. Nollau, Litke, Lee, Martin, Grine & Green, Bellefonte, Pa., for defendant.

## MEMORANDUM AND ORDER

### LIEN AVOIDANCE OF A NON–PURCHASE MONEY SECURITY INTEREST

THOMAS WOOD, Bankruptcy Judge.

The debtors have claimed a refrigerator and range as exempt personal property in a Chapter 7 proceeding. They seek to avoid the defendant's lien. The defendant argues that its security interest is a purchase money security interest and that, as such, it is non-avoidable.

### FACTS

The parties have stipulated to the facts. In August of 1979, the debtors purchased and received possession of a new refrigerator and range from Pleasant Gap Hardware, Pleasant Gap, Pennsylvania. The purchase price was $938.68 owing within ninety (90) days on an open account from the date of the purchase. There was no security agreement between the seller and the debtors, nor did the seller reserve title in himself after the purchase was made.

On January 23, 1980, the debtors borrowed $597.72 from the defendant and signed a security agreement listing the refrigerator and range as collateral. This loan enabled the debtors to pay the balance owed the seller, within the ninety (90) day payment period.

### DISCUSSION

The issue is whether the agreement with the defendant created a purchase money or non-purchase money security interest. A non-purchase money security interest is avoidable to the extent that it impairs an exemption to which the debtors are enti-

tled. A purchase money security interest is not so avoidable. See 11 U.S.C. § 522(d).

A "purchase money security interest" is defined as follows by the Pennsylvania Uniform Commercial Code:

(1) taken or retained by the seller of the collateral to serve all or part of its price; or

(2) taken by a person who by making advances or incurring an obligation gives value to enable the debtor *to acquire rights in or the use of collateral,* if such a value is in fact so used. (Emphasis added).

13 Pa.C.S.A. § 9107. Paragraph one of this definition is inapplicable. Paragraph two relates to the issue in this case, that is, whether the lender gave value to enable the debtors to acquire rights in or the use of the collateral.

■ The debtors first contention is that the value lent by the defendants was in satisfaction of a pre-existing claim or antecedent debt and therefore was not an advance allowing the acquisition of rights in the collateral. Because the seller delivered the goods to the debtors and allowed them ninety (90) days to pay the purchase price, that 90-day period was essentially an extension of credit. By that extention of credit from the seller, the debtors acquired rights in the refrigerator and range at the time of purchase. Therefore, we agree with the debtors that the money borrowed from the defendant was used to satisfy the antecedent debt owing to the seller. Since the loan proceeds paid an antecedent debt, the defendant's security interest is excluded from the purchase money category.

The debtors' other contention is that the money advanced was not used by them to acquire rights or use in the collateral, since the refrigerator and range were in their possession prior to the loan and the seller had not reserved any rights to the title. We think that this argument of the debtor also has merit. The debtors received their full right and entitlement to the consumer goods when the sales transaction occurred. The transaction gave the debtors ownership and essentially extended credit to them,

that is, that they had ninety (90) days in which to tender the full purchase price. The defendant's loan to the debtors for the balance of the purchase price was not contemporaneous with the sales transaction, in fact, it even occurred beyond the 90-day payment period. The loan eliminated the debt owed to the seller but the payment to the seller created no further rights in the collateral for the debtors because they had already obtained full right and entitlement to the refrigerator and range. We, therefore, conclude that the defendant has a non-purchase money security interest in the debtors' refrigerator and range.

This memorandum constitutes the findings of fact and conclusions of law required by Bankruptcy Rule 752.

## ORDER

AND NOW, this 24th day of March, 1982, it is determined that the defendant has an avoidable non-purchase money security interest in consumer goods. It is hereby avoided to the extent it impairs the exemption to which the debtors are entitled. SO ORDERED.